EXHIBIT "I"

**STATE OF NEW YORK**
**LITIGATION COORDINATING PANEL**

**SUPREME COURT OF THE STATE OF NEW YORK**

| | |
|---|---|
| ORISKA CORPORATION, individually and derivatively to Carrier-Defendant ORISKA INSURANCE COMPANY, | Panel Case No. 0004/2009 |
| *Petitioner*, | |
| v. | |
| BAYVIEW MANOR LLC-SOUTH POINT PLAZA, *et al.*, | |
| *Respondents.* | |

**SUPREME COURT OF THE STATE OF NEW YORK**

| | |
|---|---|
| EMPLOYER-DEFENDANTS, *et al*., | Panel Case No. 0004A/2009 |
| *Petitioner*, | |
| v. | |
| ORISKA CORPORATION, individually and derivatively to Carrier-Defendant ORISKA INSURANCE COMPANY, | |
| *Respondent.* | |

**PHILIPSON DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW TO THE LITIGATION COORDINATING PANEL**

LIPSIUS BENHAIM LAW LLP
Ira S. Lipsius, Esq.
Alexander J. Sperber, Esq.
80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: (212) 981-8440
*Attorneys for Defendants Bent Philipson, Deborah*
*Philipson, Kingsbridge Heights Receiver, Garden*

*Care Center, Inc., Park Avenue Operating Co., LLC, Townhouse Operating Co. LLC, Parkview Care & Rehabilitation Center, Troy Operating Co., LLC, Highgate LTC Management, LLC, Niskayuna Operating Co., LLC, Avalon Gardens Rehabilitation & Health Care Center, LLC, North Sea Associates, LLC, NMC Acquisition, LLC, and White Plains for Nursing Care LLC*

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT …………………………………………………… 1

PENDING AND PAST ACTIONS ………………………………………………… 1

SUMMARY OF ARGUMENT ……………………………………………………... 2

FACTS …………………………………………………………………………… 4

    A. THE 2012 ONEIDA COUNTY LAWSUITS AND THE 2013 STIPULATION
       OF SETTLEMENT ………………………………………………………… 5

    B. THE DFS ORDER PROHIBITING ORISKA FROM ISSUING ANY NEW
       POLICIES AND ARTICLE 78 ACTION ON ONEIDA COUNTY …………….. 5

    C. ORISKA'S 2015 ONEIDA COUNTY LAWSUIT ……………………………… 6

    D. ORISKA'S ONGOING 2017 ONEIDA COUNTY LAWSUITS ………………… 7

    E. ORISKA'S NOW-DISMISSED 2018 ONEIDA COUNTY LAWSUITS ………... 7

    F. ORISKA'S NOW-DISMISSED FEDERAL ACTION – ORISKA'S FIRST
       ATTEMPT TO AVOID LITIGATION IN ONEIDA COUNTY ………………… 9

    G. ORISKA'S 2019 ACTIONS – THE SECOND ATTEMPT TO AVOID LITIGATION
       IN ONEIDA COUNTY …………………………………………………… 10

ARGUMENT …………………………………………………………………… 12

    A. THE PANEL SHOULD NOT COUNTENANCE PLAINTIFF'S BLATANT
       ATTEMPT AT FORUM SHOPPING …………………………………… 12

    B. THE 22 NYCRR 202.69 FACTORS STRONGLY FAVOR COORDINATION OF THE
       2019 ACTIONS IN ONEIDA COUNTY ……………………………………… 13

    C. ADDITIONAL FACTORS FURTHER COMPEL COORDINATION OF THE
       2019 ACTIONS IN ONEIDA COUNTY ………………………………………16

    D. THE VENUE OF THE 2019 ACTIONS ARE CONTROLLLED BY THE FORUM
       SELECTION CLAUSE OF THE 2013 STIPULATION OF SETTLEMENT …… 17

           1. The 2013 Stipulation of Settlement Should be Enforced ……………... 18

           2. The 2013 Stipulation's Forum Selection Clause is Mandatory ………. 19

           3. The 2013 Stipulation's Forum Selection Clause Binds Plaintiff ……... 21

i

    4.  The 2013 Stipulation's Forum Selection Clause Applies to the Claims in These Actions ………………………………………………………… 24

CONCLUSION ………………………………………………………………… 26

# TABLE OF AUTHORITIES

## CASES

*Anselmo v. Univision Station Group, Inc.*,
    1993 WL 17173 (S.D.N.Y. Jan. 15, 1993) ……………………………………… 25

*Auerbach v. Bennett*,
    47 N.Y.2d 619 (1979) ……………………………………………………………… 24

*Boss v. Am. Express Fin. Advisors, Inc.*,
    6 N.Y.3d 242 (2006) ……………………………………………………………… 17

*Brissenden v. Time Warner Cable of New York City*,
    Panel Case No. 0002/2004 (Nov. 4, 2003) ……………………………………… 16

*British W. Indies Guar. Trust Co. v. Banque Internationale A Luxembourg*,
    172 A.D.2d 234 (1st Dep't 1991) ……………………………………………… 17, 18

*Cuno, Inc. v Hayward Indust. Products, Inc.*,
    03 CIV. 3076 (MBM), 2005 WL 1123877 (S.D.N.Y. May 10, 2005) …………… 22

*Cusimano v. Schnurr*,
    44 N.E.3d 212 (N.Y. 2015) ……………………………………………………….. 13

*D'Arata v. New York Cent. Mut. Fire Ins. Co.*,
    76 N.Y.2d 659 (1990) ……………………………………………………………… 20, 24

*Devieux v Toyota Motor Cop.*,
    Panel Case No. 0002/2010 (Feb. 23, 2011) …………………………………….. 16

*Di Tomasso v Loverro*,
    250 A.D. 206 (2d Dep't 1937), *affd*, 276 N.Y. 551 (1937) ……………………… 21

*Durham Commercial Capital Corp. v Wadsworth Golf Constr. Co. of Midwest, Inc.*,
    160 A.D.3d 1442 (4th Dep't 2018) ……………………………………………… 22

*Freeford Ltd. v. Pendleton*,
    53 A.D.3d 32 (1st Dep't 2008) …………………………………………………. 22

*Harry Casper, Inc. v Pines Associates, L.P.*,
    53 A.D.3d 764 (3d Dep't 2008) …………………………………………………. 23

*In re Salomon Inc. Shareholders' Derivative Litig.*,
    91-cv-5500 (RPP), 1994 WL 533595 (S.D.N.Y. Sept. 30, 1994) ………………… 21

*In the Matter of the Application of Dominion Transmission, Inc.*
    Panel No. 0002/2002 ……………………………………………………………… 12

*Khandhar v Elfenbein*,
    943 F.2d 244 (2d Cir. 1991) …………………………………………………… 20

*L.A. Grika on behalf of McGraw*,
    161 A.D.3d 450 (1st Dep't 2018) …………………………………………… 24

*Levin ex rel. Tyco Intern. Ltd. v. Kozlowski*,
    831 N.Y.S.2d 354 (N.Y. Sup. Ct. 2006), *aff'd sub nom. Levin v. Kozlowski*,
    846 N.Y.S.2d 37 (1st Dep't 2007) ……………………………………………… 24

*Martinez v. Bloomberg LP*,
    740 F.3d 211 (2d Cir. 2014) …………………………………………………… 19

*Micro Balanced Prod. Corp.*,
    238 A.D.2d 284 (1st Dep't 1997) …………………………………………… 17, 19

*Montoya v Cousins Chanos Casino, LLC*,
    34 Misc 3d 1211(A) (Sup. Ct. 2012) …………………………………………… 22

*Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*,
    No. 6:18-CV-1030, 2019 U.S. Dist. LEXIS 149953 (N.D.N.Y. Sep. 4, 2019) …10, 20, 24

*Oriska Insurance Co. v. Vullo*,
    166 A.D.3d 1541 (4th Dep't 2018) ……………………………………………….. 6

*Paramount Pictures Corp. v. Allianz Risk Transfer AG*,
    96 N.E.3d 737 (N.Y. 2018) …………………………………………………… 13

*Parklane Hosiery Co., Inc. v Shore*,
    439 U.S. 322 (1979) …………………………………………………………… 20

*Pavon v 19th Street Associates LLC*,
    Panel Case No. 0005/2002 (Feb. 14, 2003) ………………………………………… 14

*Potter v Walker*,
    276 N.Y. 15 (1937) …………………………………………………………….. 21

*Rajendra BK v City of New York*,
 Panel Case No. 001/2015 (Mar. 3, 2016) ………………………………………… 12

*Reddy v. Carpal Holdings Ltd.*,
 2010 WL 1379844 (S.D.N.Y. Mar. 31, 2010) …………………………………… 19

*Ryan v New York Tel. Co.*,
 62 N.Y.2d 494 (1984) …………………………………………………………….. 20

*Spirits of St. Louis Basketball Club, L.P. v. Denver Nuggets, Inc.*,
 84 A.D.3d 454 (1st Dep't 2011) …………………………………………………  19

*Sterling Nat'l Bank v. E. Shipping Worldwide, Inc.*,
 35 A.D.3d 222 (1st Dep't 2006) …………………………………………………  18

*Sydney Attractions Group Pty Ltd. v. Schulman*,
 74 A.D.3d 476 (1st Dep't 2010) …………………………………………………  18

*Tanges v. Heidelberg N.A., Inc.*,
 710 N.E.2d 250 (N.Y. 1999) ……………………………………………………  13

*Tate & Lyle Ingredients Americas, Inc. v Whitefox Tech. USA, Inc.*,
 98 A.D.3d 401 (1st Dep't 2012) …………………………………………………  22

*The Bremen v. Zapata Off-Shore Co.*,
 407 U.S. 1 (1972) ………………………………………………………………… 18

*Triple Z Postal Servs, Inc. v. United Parcel Serv., Inc.*,
 13 Misc.3d 1241(A), 2006 N.Y. Slip Op 52202(U) (Sup. Ct. N.Y. Co. 2006) …… 25

*Walker, Truesdell, Roth & Assoc., Inc. v Globeop Fin. Services LLC*,
 43 Misc. 3d 1230(A) (Sup. Ct. N.Y. Co. 2013), *affd sub nom. New
 Greenwich Litig. Tr., LLC v Citco Fund Services (Europe) B.V.*,
 145 A.D.3d 16 (1st Dep't 2016) …………………………………………….. 22, 23

*Werter v Chicago Title Ins. Co. of New York*,
 Index No. 014958 (Dec. 24, 2002) ……………………………………………..  14

*W.J. Deutsch & Sons, Ltd. v. Charbaut Am., Inc.*,
 57 A.D.3d 529 (2d Dep't 2008) …………………………………………………..  18

S<small>TATUTES AND</small> R<small>EGULATIONS</small>

CPLR § 503 ………………………………………………………………………  12

22 NYCRR 202.69 ………………………………………………………………12 ,13

## PRELIMINARY STATEMENT

The "Employer Defendants" Kingsbridge Heights Receiver, Garden Care Center, Inc., Park Avenue Operating Co., LLC, Townhouse Operating Co. LLC, Parkview Care & Rehabilitation Center, Troy Operating Co., LLC, Highgate LTC Management, LLC, Niskayuna Operating Co., LLC, Avalon Gardens Rehabilitation & Health Care Center, LLC, North Sea Associates, LLC, NMC Acquisition, LLC, and White Plains for Nursing Care LLC, as well as the "Owner-Defendants" Bent Philipson and Deborah Philipson (collectively the "Philipson Defendants" or "Defendants") in the instant actions (the "2019 Actions" or "Actions"),[1] respectfully submit this memorandum of law, in accordance with the Litigation Coordinating Panel's (the "Panel") Briefing Scheduling Order, on "the issue of coordination and the venue for same of all the pending similar actions."

## PENDING AND PAST ACTIONS

Over the past decade, Oriska Corporation ("Plaintiff"), through its wholly owned subsidiary, Oriska Insurance Company ("Oriska"), has commenced over 90 litigations against the entities it has identified as the "Employer Defendants."[2] All of the actions currently before this panel relate to these prior litigations. For the ease of understanding the duplicative litigations, Defendants set forth the following table of litigations.  Each grouping of litigations is discussed in further detail, below.

| Grouping of Litigations | Year of Filing | Issues | Status/resolution | Court |
|---|---|---|---|---|
| The 2012 Actions (Page 5, below) | 2012 | Retroactive premium | Settled in 2013 with an agreement that all future disputes to be venued in Oneida County | Principally Sup. N.Y., Oneida County |

---

[1] The *2019 Oriska Actions* are listed in on the appendix to the Panel's Briefing Scheduling Order.

[2] The term "Employer Defendants" in this memorandum of law refers to the entities Oriska Corporation has identified as "Employer Defendants" in its complaints in the 26 lawsuits currently before the Panel.

| The 2015 Action (Page 6, below) | 2015 | Retroactive premium | Dismissed | Sup. N.Y., Oneida County |
|---|---|---|---|---|
| The 2017 Actions (Page 7, below) | 2017 | Retroactive premium and illegality of the policies | Pending | Sup. N.Y., Oneida County |
| The Federal Action (Page 9, below) | 2018 | Retroactive and additional premium/RICO/ERISA | Dismissed as exclusive jurisdiction is in Supreme Court, Oneida County | U.S.D.C. N.D.N.Y. |
| The 2018 Actions (Page 7, below) | 2018 | Additional premium/illegality of the policies | Dismissed | Sup. N.Y., Oneida County |
| The 2019 Actions (Page 10, below) | 2019 | Illegality of the policies and impact of prior ruling on this issue | New actions; numerous parties yet to be served | Actions pending in nine counties |

## SUMMARY OF ARGUMENT

Plaintiff, the parent of Oriska Insurance Company, has commenced 26 purportedly derivative actions against Oriska's insureds, each of which is party to existing actions pending in Supreme Court, Oneida County. Plaintiff also sued the Uninsured Employers Fund ("UEF") and the individual injured employees/claimants of Oriska's insureds. Plaintiff has agreed, however, "that both the injured claimants and the UEF will be removed as Defendants . . . as there is no basis for their inclusion in this action." (*See* Sperber Aff. at Ex. B [Affirmation of AAG Marjorie S. Leff].)

This set of litigations presents the Panel with a unique factual pattern. The common pattern among prior litigations brought before this panel, is the determination of venue where the numerous plaintiffs have commenced actions against the same or similarly placed defendants. Here, in contrast, Plaintiff Oriska Corporation knowingly commenced its actions in nine counties across New York State with the intent of immediately consolidating the actions in a county where it was unable to commence all of these actions from the outset. This subterfuge was created for

2

one purpose—to avoid litigation in Plaintiff's home county, Oneida, where related actions are pending, and the only county it which it could have commenced every one of the actions.

Under the Panel's Procedures, the only logical location for these actions to be sent for consolidation is Oneida County, for the following reasons:

1.      As these are derivative actions, Oriska Corporation stands in the shoes of its subsidiary, Oriska Insurance Company, which commenced more than 90 actions in Oneida County relating to the identical policies of insurance.  Identical issues have already been raised in the Oneida County actions.

2.      As a matter of law, the settlement agreement in the 2012 Actions (the 2013 Stipulation of Settlement) mandates that the issues raised by Plaintiff be litigated in Oneida County, and Plaintiff is bound by that agreement.

3.      Pursuant to CPLR 503, the only county in which Plaintiff could have commenced all of the actions was Oneida County.

4.      The Supreme Court in Oneida County—and Justice Patrick F. MacRae, specifically—is fully familiar with the issues in the 2019 Actions.

5.      Plaintiff's allegations the 2019 Actions are based upon Plaintiff's characterization of a decision rendered by Justice MacRae in the 2018 Actions. Defendants assert that Plaintiff has mischaracterized that decision. No one would be better suited to address the meaning of the decision than Justice MacRae, himself.

6.      Plaintiff's actions are a blatant attempt at forum shopping, a practice deplored by the courts of this state.

7.      Judicial economy and efficiency mandate that the 2019 Actions be heard in Supreme Court, Oneida County.

**FACTS**

The 2019 Actions are the latest in a line of extensively litigated lawsuits commenced in Federal and New York State court by the Oriska Entities arising from a group of Workers' Compensation and Employer Liability Insurance Policies issued by Oriska Insurance Company (the "Policies").

Oriska Corporation ("Plaintiff") is a domestic corporation with its principal place of business in Oneida County, New York. (Sperber Aff. at Ex. A [Entity Information for Oriska Corporation].) Oriska Corporation is the 100 percent owner of Oriska Insurance Company and purportedly commenced these actions derivatively "on behalf of the Carrier-Defendant" Oriska Insurance Company (Sperber Aff. at Ex. C [Complaint] at ¶¶ 7, 4). Oriska Insurance Company ("Oriska") is a domestic insurance company, chartered under the laws of New York, with its principal place of business in Oneida County. (*Id.* at ¶ 6.) The Employer Defendants are New York-based healthcare facilities.

While the exact time frames and details vary from entity to entity, Oriska essentially has argued, over the course of over 90 lawsuits, that it provided the Employer Defendants with workers' compensation insurance from 2010 through mid-2018, at which point the Employer Defendants cancelled their policies. Plaintiff now (falsely) argues that Justice MacRae's decision in the 2018 Actions, described below, voids the insurance policies *ab initio*, permitting it to deny coverage to over 1,000 New York employees. (Complaint at ¶ 1.) The State of New York, citing long standing precedent, argues that a workers' compensation policy cannot be voided ab initio. (Sperber Aff. at Ex. B [Affirmation of AAG Marjorie S. Leff] at ¶ 5.) It should not go unnoticed, however, that these 2019 Actions are frivolous, as Justice MacRae himself has made clear that he

specifically ***did not*** void the policies. (Sperber Aff. at Ex. D [transcript of December 17, 2019 oral argument] at p. 5.)

What follows is an abbreviated history of the litigation between the parties.

## H. THE 2012 ONEIDA COUNTY LAWSUITS AND THE 2013 STIPULATION OF SETTLEMENT

In 2012, Oriska commenced a series of approximately 40 lawsuits in the Supreme Court, Oneida County, against many of the Employer Defendants.   Oriska sought allegedly unpaid premiums.  The parties resolved their dispute via a September 24, 2013 Stipulation of Settlement (the "2013 Stipulation of Settlement").   (Sperber Aff. at Ex. E [Stipulation of Settlement].)

The Stipulation not only contained a general release and resolved all disputes to date, but also provided the terms that would govern the parties' relationship into the future.  *See* 2013 Stipulation of Settlement at ¶ 10 (stating that the Stipulation of Settlement "resolves all disputes to date ... and will further serve to regulate and govern ... the relationship between the parties" going forward).

The 2013 Stipulation of Settlement contains the following forum selection clause:

> The jurisdiction of this Court [Supreme Court, Oneida County] shall continue beyond the execution and filing of this Stipulation . . . to the extent necessary to resolve and finally determine any disputes that arise under the terms of this stipulation.

(Sperber Aff. at Ex. E, ¶ 21.)

## I. THE DFS ORDER PROHIBITING ORISKA FROM ISSUING ANY NEW POLICIES AND ARTICLE 78 ACTION ON ONEIDA COUNTY

On or about February 1, 2013, the New York State Department of Financial Services ("DFS" or "Department") issued an order pursuant to Insurance Law § 1310.  (Sperber Aff. at Ex. F [DFS Order].)  The Department had conducted an examination of Oriska's finances and found:

> WHEREAS, the Report on Examination of Oriska as of December 31, 2010, determined that (i) Oriska's admitted assets are less than the aggregate amount of its liabilities and outstanding capital stock in the amount of $7,391,480 and (ii) Oriska's admitted assets are less than the aggregate amount of its liabilities and the amount of its minimum surplus to policyholders in the amount of $8,091,480;

(*Id.*)  In layman's terms, Oriska assets found to be acceptable by the DFS, were less than its liabilities. In effect, Oriska was insolvent.

As a result, the Department issued an order to Oriska that explicitly barred Oriska from issuing any new insurance policies.  The order stated:

> ORDERED, that, until further order of the Superintendent, Oriska shall not issue any new insurance policies while the impairment identified here continues to exist.

(*Id.*)

Oriska commenced an Article 78 proceeding in Oneida County challenging the DFS order. The Article 78 action was dismissed and the dismissal was affirmed on appeal.  *See    Oriska Insurance Co. v. Vullo*, 166 A.D.3d 1541 (4th Dep't 2018).

By letter dated February 7, 2019, Martha A. Lees, the Deputy General Counsel for the New York State Department of Financial Services, has confirmed that "the Order Pursuant to Insurance Law § 1310 ('1310 Order') issued by the Superintendent of Financial Services ('Superintendent') of February 1, 2013 in the Matter of Oriska Insurance Company ('Oriska') remains in full force and effect."  (Sperber Aff. at Ex. G [February 7, 2019 Letter from Martha A. Lees].)

As such, Oriska has been prohibited from issuing insurance policies since February 1, 2013, and that prohibition remained in effect at least through 2019.

**J.  ORISKA'S 2015 ONEIDA COUNTY LAWSUIT**

In November 2015, Oriska commenced a lawsuit against many of the Employer Defendants in Supreme Court, Oneida County (the "2015 Action").  Oriska alleged that the Employer Defendants owed unpaid insurance premiums.  (Sperber Aff. at Ex. H [Complaint in 2015

Action].)    The action was initially assigned to Justice Hester.    Following Justice Hester's retirement, it was transferred to Justice Patrick F. MacRae.    (Sperber Aff. at ¶ 11.)

In July 2018, after extensive motion practice, Justice MacRae dismissed the 2015 Action. (Sperber Aff. at Ex. I [Order Dismissing 2015 Action].)

### K.  ORISKA'S ONGOING 2017 ONEIDA COUNTY LAWSUITS

In October 2017, Oriska commenced 26 actions against the Employer Defendants in Supreme Court, Oneida County (the "2017 Actions").  The actions were all assigned to Justice MacRae and were subsequently joined for purposes of discovery.  (Sperber Aff. at Ex. J [order joining 2017 Actions].)  Oriska again alleged in the 2017 Actions that the Employer Defendants owed unpaid insurance premiums.  The parties have already engaged in extensive discovery, including deposition and exchange of nearly 50,000 pages of documents. The court has heard 15 motions in that action.   (Sperber Aff. at ¶¶ 13-15.)

In August 2018, the Employer Defendants moved for leave to amend their answers to assert the affirmative defense of illegality.   Specifically, the proposed defense asserted that Oriska illegally issued the policies in violation of an order from the New York State Department of Financial Services and that "[u]nder New York law, Oriska cannot premise a lawsuit on illegal contracts."  The Defendants filed their amended answers on September 19, 2019. The amended answers do not assert the policies are void ab initio.  (Sperber Aff. at ¶ 16, Ex. L [sample amended answer in 2017 Actions].)

### L.  ORISKA'S NOW-DISMISSED 2018 ONEIDA COUNTY LAWSUITS

In May 2018, Oriska commenced an additional 21 actions against the Employer Defendants in Supreme Court, Oneida County (the "2018 Actions").  The instant actions have their root in a decision rendered by the court in those actions.  The 2018 Actions were all assigned to Justice

MacRae and joined for purposes of discovery. Oriska claimed in the 2018 Actions that it was entitled to collect additional premium for the Employer Defendants' premature cancellation of their insurance policies. (Sperber Aff. at ¶¶ 17-18, Ex. M [order joining 2018 Actions], N [sample complaint in 2018 Actions].)

The Employer Defendants moved to dismiss the actions on the ground that Oriska issued the policies, illegally, in violation of the DFS Order and that, as a result, Oriska could not use the courts to assist it in carrying out its illegal scheme. The Employer Defendants did not move to void the policies. After extensive briefing, Justice MacRae granted the Employer Defendants' motion to dismiss. (Sperber Aff. at ¶¶ 19-20.) The court's well-reasoned September 11, 2019 decision held as follows:

> Here, plaintiff does not refute the evidence showing that it issued the policies in violation of an order issued by DFS under authority granted to the agency by statute. In that respect, regardless of whether the act of issuing such a policy can be deemed "illegal," or unauthorized, or in any other fashion in which it had no lawful authority, Oriska's conduct in issuing these policies cannot be viewed as anything less than contrary to public policy. As such, regardless of the consequences to Oriska, the Court cannot recognize a cause of action that might otherwise arise from those contracts of insurance. *See, Prins v. Itkowitz & Gottlieb, P.C.*, 279 AD2d 274 (1st Dept. 2001).

(Sperber Aff. at Ex. O [decision dismissing the 2018 Actions].)

Oriska moved for leave to renew and reargue the court's decision. Oriska argued—as it does in this action—that Justice MacRae's decision improperly held that the Policies were unenforceable. (Sperber Aff. at ¶ 21, Ex. P [memorandum of law filed by Oriska in support of its motion for leave to renew and reargue] at pp. 17-18, 22.) At oral argument on December 17, 2019, Justice MacRae denied Oriska's motion and explained that Oriska had misconstrued his decision.

8

> THE COURT: I did not -- You seem to be under the
> misinterpretation of my decision. I did not find those policies to be
> invalid ab initio.
> MS. SPRAGUE: I understand. You deemed them to be
> unenforceable due to public policy. Well if they're unenforceable --
> THE COURT: No, I said it would be against public policy for the
> Court to recognize a cause of action based on the plaintiffs having
> issued an illegal policy.

(Sperber Aff. at Ex. Q [transcript of oral argument] at p. 5.)  Oriska has filed a notice of appeal

from Justice MacRae's September 11, 2019 decision.  (Sperber Aff. at ¶ 23.)

## M. ORISKA'S NOW-DISMISSED FEDERAL ACTION –- ORISKA'S FIRST ATTEMPT TO AVOID LITIGATION IN ONEIDA COUNTY

In September 2018, in its first attempt to avoid the forum choice provision of the 2013

stipulation, Oriska commenced an action against the Employer Defendants in the United States

District Court for the Northern District of New York (the "Federal Action").  Oriska, as Plaintiff

has done in the instant actions, added some additional causes of action (there, RICO, ERISA,

Lanham Act) and a theory based upon cost reports submitted to the New York State Department

of Health, in order to free itself of Oneida County.  Essentially, however, it was seeking to recover

allegedly unpaid premiums.  (Sperber Aff. at Ex. R [Oriska's complaint in the Federal Action].)

After commencing the Federal Action, Oriska then moved to have the Oneida County

actions transferred to the Federal Court (Sperber Aff. at Ex. S [memorandum of law filed by Oriska

in support of its motion to transfer the Oneida County actions to Federal Court].)

The Federal Court was not fooled by this ruse and this blatant attempt at forum shopping.

The District Court by Memorandum Decision and Order dated September 4, 2019, dismissed the

action based upon the forum selection clause, even though other theories of recovery were raised.

The court found the forum selection provision was mandatory and required Oriska to bring any

claims against the Employer Defendants in Supreme Court, Oneida County.  The District Court

rejected Oriska's attempt to plead itself around the enforcement of the forum selection clause and held that the forum selection clause even applied to a defendant that was a non-signatory to the 2013 Stipulation of Settlement. *Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*, No. 6:18-CV-1030, 2019 U.S. Dist. LEXIS 149953, at *18 (N.D.N.Y. Sep. 4, 2019).

## N. ORISKA'S 2019 ACTIONS – THE SECOND ATTEMPT TO AVOID LITIGATION IN ONEIDA COUNTY

In early November 2019, Oriska Corporation commenced the 26 actions presently before the Panel (the "2019 Actions") in courts across New York State. These actions follow the same pattern as Oriska's ill-fated Federal Action in attempting to avoid Supreme Court, Oneida County and Justice MacRae. In fact, at the telephone conference of December 12, 2019 before Justice Maltese, Plaintiff specifically requested that the 2017 and 2018 Actions be removed from Justice MacRae and be part of the instant coordination motion. (Sperber Aff. at ¶¶ 26-27.)

Oriska structured each of the actions as a shareholder derivative suit, purporting to sue the defendants "on behalf of" Oriska Insurance Company "as holder of 100% of the issued and outstanding common shares of" Oriska Insurance Company," (Complaint at ¶¶ 4, 7) reminiscent of the first attempt to escape the Supreme Court, Oneida County through pleading federal causes of action like RICO and ERISA.

Plaintiff included in its complaints the very same cost report claims that Judge Hurd in the Federal Action held required to be brought in Supreme Court, Oneida County. (*See* Complaint at ¶ 4.) Plaintiff also falsely asserted that Justice MacRae held the policies are void ab-initio. (*See* Complaint at ¶ 1 ("the Employer-Defendant on September 19, 2019 abruptly and belatedly renounced and disavowed the Policy of Workers Compensation insurance provided by the CarrierDefendant, claiming the Policy was illegal, null, void and of no force and effect") and Oriska's clarification of this statement, below.) Based solely on that false assertion, it has

concocted a theory that it is subrogated to the rights of the injured employees and may recover, as

subrogee, directly from the Employer-Defendants.

Plaintiff in its December 5, 2019 submission to the Panel titled "Response to Christopher

Buckey's Motion to Panel," explained:

> The defendants assert at page 2 that Oriska Corporation is challenging the affirmative defense that the policies are illegal. That is not true. Oriska Insurance Corporation may be challenging the affirmative defense but the core of Oriska Corporation's action is based on the decision of Judge MacRae and the position of the defendants that the contracts are illegal and that sine [sic] the contracts are illegal than [sic] the employers are liable to pay the injured workers and Oriska Corporation[3] is subrogated to the rights of the injured workers under §29 of the WCL.

(Sperber Aff. at Ex T.)

In other words, Plaintiff has premised this action solely upon its [incorrect] interpretation

of Justice MacRae's decision in the 2018 Actions.

The 2019 Oriska Actions, have been filed in nine different counties. These actions have

been assigned to at least seventeen different Supreme Court Justices. Discovery has not yet

commenced in any of the 2019 Actions and Defendants have yet to file their responses to the

underlying complaints.  (Sperber Aff. at ¶ 29.)

It should not go unnoticed that Oriska, in a filing before Justice MacRae, falsely asserted

that "an Order issued by the [Litigation Coordinating] Panel ("Panel Order"), preliminarily appears

to be in Nassau County."  (sic) (Sperber Aff. at Ex. U [Oriska's reply memorandum of law in

further support of its motion to renew and reargue].)

---

[3] It is assumed that Plaintiff meant to say that Oriska Insurance Company is subrogated to the rights of the injured workers.

# ARGUMENT

### E. **THE PANEL SHOULD NOT COUNTENANCE PLAINTIFF'S BLATANT ATTEMPT AT FORUM SHOPPING**

While administrative in nature, decisions by the Panel are not mechanical. *See, e.g.,* Decision & Order, *Rajendra BK v City of New York*, Panel Case No. 001/2015 (Mar. 3, 2016), at 1 ("Upon consideration of *all* of the issues, including that of judicial economy, the Panel finds that the purposes of Section 202.69 of the Uniform Rules for the Trial Courts of the State of New York are best served by granting the application for coordination.") (emphasis added). Indeed, 22 NYCRR 202.69(b)(4)(ii) sets forth a set of non-inclusive factors the Panel must consider selecting the venue for coordinated actions. Each of these factors will be addressed in the following section.

The 2019 Actions, however, are atypical of actions that typically come before the Panel. In every released decision of this Panel, save one, the Panel was confronted by separate actions commenced by different plaintiffs. Here the same plaintiff, Oriska Corporation, has commenced every one of the actions. In the one action where the same plaintiff commenced five actions in five counties, *In the Matter of the Application of Dominion Transmission, Inc.* (Panel No. 0002/2002), the plaintiff could not have commenced the actions in a single county because the actions involved real property and pursuant to Article 7 of the RPAPL, the actions had to be commenced in the county where the property was located.[4]

Here, Plaintiff could have, and should have, commenced every one of the 2019 Actions, in Oneida County, where jurisdiction properly lies pursuant to CPLR § 503. Instead, Plaintiff is attempting to abuse the coordination process to place these actions in a court where it never could

---

[4] The Panel denied coordination, inter alia, to protect the interests of the various municipalities.

have commenced these cases at the outset. This Panel has never permitted a Plaintiff to use the coordination panel solely for the purpose of forum shopping and to subvert the CPLR's venue provisions, and should not do so here.

There should be no doubt that Oriska commenced these multiple actions, which are redundant of the pending 2017 Actions, the dismissed Federal Action, and the dismissed 2015 Action, in a blatant attempt at forum shopping. New York's highest court has expressed its severe displeasure with forum shopping and has utilized every tool to defeat those who abuse the system to that end. *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 96 N.E.3d 737, 752 (N.Y. 2018) ("Moreover, Paramount's approach would encourage simultaneous litigation in two jurisdictions and promote forum shopping."); *Cusimano v. Schnurr*, 44 N.E.3d 212, 219 (N.Y. 2015) ("Plaintiffs' behavior is indicative of blatant forum-shopping and, under these circumstances, prejudice has clearly been established. Therefore, plaintiffs have waived the right to arbitration and the issue of timeliness should be determined by the court… ."); *Tanges v. Heidelberg N.A., Inc.,* 710 N.E.2d 250, 255 (N.Y. 1999) ("Rather, the approach we adopt should help to discourage forum shopping, and may improve judicial efficiency and provide fair, even-handed justice to all parties.").

In the instant matter, coordination in any county other than Oneida would reward the blatant forum shopping attempted by Oriska and deplored by the Court of Appeals.

F.  **THE 22 NYCRR 202.69 FACTORS STRONGLY FAVOR COORDINATION OF THE 2019 ACTIONS IN ONEIDA COUNTY**

22 NYCRR 202.69(b)(4)(ii) sets forth a set of non-inclusive factors the Panel must consider in selecting the venue for coordinated actions: (1) the venues of origin of the cases to be coordinated; (2) whether the actions arise out of an accident or events in a particular county; (3) judicial caseloads in prospective venues; (4) fairness to parties; (5) the convenience of the parties

and witnesses; (6) the convenience of counsel; and (7) whether the purposes of this section can best be advanced by coordination before more than one Coordinating Justice. Here, the weight of these factors overwhelmingly supports consolidating these actions in Oneida County. Although some factors weigh more heavily than others, they will be addressed seriatim.

The first factor directs the Panel to consider the venues of origin of the cases to be coordinated. Here, however, none of the nine counties in which the 2019 Actions are currently pending host a majority of the actions, contrasting with many prior proceedings before the Panel. *See Viera,* Panel Case No. 0001/2003 at 8 ("Of these 23 cases, 20 are pending in Supreme Court, Civil Branch, New York County"); *see also Pavon v 19th Street Associates LLC*, Panel Case No. 0005/2002 (Feb. 14, 2003), at 2 ("These cases, four of which are pending in Supreme Court, New York County, and three of which are pending in Supreme Court, Kings County, arise out of an explosion that took place on April 25, 2002 at 121 West 19th Street in Manhattan."); Decision, *Werter v Chicago Title Ins. Co. of New York*, Index No. 014958 (Dec. 24, 2002), at 4 ("Defendants in these seven actions have applied for an Order of Coordination pursuant to Section 202.69 of the Uniform Rules for the Trial Courts. Four of the actions were filed in Nassau County."). Nassau County, which has the highest concentration of the 2019 Actions, hosts less than one-third of the Actions and would not provide a greater level of convenience over any of the other nine counties in which the Actions are pending on the basis of the location of the parties. Accordingly, the first factor does not weigh in favor of any particular venue.

The second factor looks to whether the actions arise out of an accident or events in a particular county. The 2019 Actions focus on the interpretation of the decision(s) of a court in Oneida County, addressing Policies issued by an insurer in Oneida County, and relating to a settlement agreement entered into in Oneida County, the same County as the principal place of

business of Plaintiff and Oriska. There is no other county out of which the events addressed in these litigations occurred. The second factor weighs solely toward Oneida County.

The third factor looks to the judicial caseloads of the prospective venues. As Justice MacRae in Oneida County has extensive experience with these disputes and is still actively involved in presiding over the 2017 Actions, consolidation of the 2019 Actions before him would have a far more modest effect on his judicial caseload than consolidation before any other judge.

The fourth and fifth factors look to the fairness to the parties and the convenience of the parties and witnesses. Nothing could be more fair than to litigate these matters in Oriska and Plaintiff's own front yard, in the very same county where Oriska itself commenced more than 90 actions against Employer Defendants.

The only parties that could claim Oneida County to be inconvenient are the Employer Defendants, who are actually encouraging this Panel to have the actions consolidated in Oneida County. As Plaintiff has agreed to dismiss the UEF and the Employee Defendants, even if those parties believed Oneida County to be inconvenient, which they have not asserted, their convenience is irrelevant and does not factor into the determination. In any event, Plaintiff has identified the Employee-Defendants are "nominal-defendants,"[5] meaning the core of the dispute in the 2019 Actions relates to the parties already involved in the 2017 and 2018 Actions.

The sixth factor looks to the convenience of counsel. Plaintiff is represented in these actions by James Kernan and Frank Policelli, both of whose offices are located in Oneida County.

The seventh and final factor asks whether the actions should be coordinated before more than one Coordinating Justice. There is no basis for doing so in this case, given the common issues

---

[5] *E.g., Bayview* Complaint, ¶ 25.

of law and fact in each case and given the unanimous desire for the Defendants to have their cases coordinated before Justice MacRae.

As such, the 22 NYCRR 202.69 factors strongly support consolidation of the 2019 Actions in Oneida County, with Justice MacRae as Coordinating Justice.

G. **ADDITIONAL FACTORS FURTHER COMPEL COORDINATION OF THE 2019 ACTIONS IN ONEIDA COUNTY**

Unlike the matters addressed in this Panel's published decisions, the 2019 Actions not only relate to, but in fact would not exist, but for developments within two sets of already-coordinated and far more advanced litigations (the 2017 Actions and 2018 Actions). The pendency of the 2017 and 2018 Actions in Oneida County, from which the 2019 Actions arise, further supports coordinating the actions in Oneida County and assigning Justice MacRae as the Coordinating Justice.

By Plaintiff's own admission, the 2019 Actions share common questions of fact and law with the 2017 and 2018 Actions. Indeed, Oriska's claim seems to turn almost entirely on the proper understanding of Justice MacRae's decision dismissing the 2018 Actions. Who better to handle these actions, then, than the Justice MacRae? *See* Decision and Order, *Brissenden v. Time Warner Cable of New York City*, Panel Case No. 0002/2004 (Nov. 4, 2003), at 2 ("The predecessor of the two actions was commenced in New York County. For this and other reasons, it is appropriate for the coordination to take place in New York County."). Indeed, the Panel has factored the expertise necessary to determine a case into its prior coordination decisions. *See* Decision & Order, *Devieux v Toyota Motor Cop.*, Panel Case No. 0002/2010 (Feb. 23, 2011), at 2 ("The Panel agrees that the litigation should be assigned to a Justice familiar with product liability issues.").

In fact, in response to Oriska's motion for reargument and rehearing in the 2018 Actions, Justice MacRae has already provided clarification to the parties that Plaintiff's operative assumptions about his decision are incorrect.[6]  Accordingly, on that basis and because of numerous additional defects contained in the complaints in the 2019 Actions, Defendants intend to move to dismiss the Actions pending the Panel's decision on coordination in short order.  In light of Justice MacRae's extensive experience with these matters, as well the fact that he authored the very decisions out of which these actions arise, Justice MacRae will be best positioned to address the arguments of the parties.

### H.  **THE VENUE OF THE 2019 ACTIONS ARE CONTROLLLED BY THE FORUM SELECTION CLAUSE OF THE 2013 STIPULATION OF SETTLEMENT**

> "It is the policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation" and where, "as here, the parties' designation of a forum for the resolution of disputes is apparent from the face of their agreement, they will be directed to litigate before the specified tribunal."

*Micro Balanced Prod. Corp.*, 238 A.D.2d 284, 285 (1st Dep't 1997) (citations omitted).

Coordination in any county other than Oneida, would violate the forum selection clause in the 2013 Stipulation and the law of this State. It cannot be contested that the actions against every one of the Employer Defendants are controlled by the forum selection clause.  Forum selection clauses "provide certainty and predictability in the resolution of disputes," *Boss v. Am. Express Fin. Advisors, Inc.*, 6 N.Y.3d 242, 247 (2006), and should be enforced unless the party challenging the clause proves that "a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court."  *British W. Indies Guar. Trust Co. v. Banque Internationale A Luxembourg*, 172

---

[6] *See* December 17 Tr. at 5-6.

A.D.2d 234, 234 (1st Dep't 1991) (affirming dismissal in favor of a Luxembourg forum selection clause) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-18 (1972).)

It is "well-accepted policy that forum-selection clauses are prima facie valid." *British W. Indies*, 172 A.D.2d at 234; *see also Sydney Attractions Group Pty Ltd. v. Schulman*, 74 A.D.3d 476, 476 (1st Dep't 2010) ("[N]o reason appears to depart from the well-settled policy of the courts of this State to enforce forum selection clauses."); *Sterling Nat'l Bank v. E. Shipping Worldwide, Inc.*, 35 A.D.3d 222, 222-23 (1st Dep't 2006) (same); *W.J. Deutsch & Sons, Ltd. v. Charbaut Am., Inc.*, 57 A.D.3d 529, 529 (2d Dep't 2008) (same) (citing *The Bremen*, 407 U.S. at 15).

In its written agreement, Oriska Insurance Company agreed to bring any claims relating to the policies in the Supreme Court, Oneida County. The fact that Plaintiff has ignored the forum selection clause and filed lawsuits on behalf of Oriska Insurance Company in multiple other courts all around this State constitutes a breach of that agreement. Indeed, the United States District Court for the Northern District of New York has held that Oriska Insurance Company is bound by the terms of the forum selection clause. That decision collaterally estopps Plaintiff from arguing otherwise in this forum. Accordingly, the Panel should direct that all of these lawsuits be consolidated in the Supreme Court, Oneida County.

**5.    The 2013 Stipulation of Settlement Should be Enforced**

The 2013 Stipulation of Settlement contains the following forum selection clause:

> The jurisdiction of this Court [Supreme Court, Oneida County] shall continue beyond the execution and filing of this Stipulation . . . to the extent necessary to resolve and finally determine any disputes that arise under the terms of this stipulation.

Under New York law, this forum selection clause is mandatory, binds Plaintiff, and applies to all of the claims asserted by Plaintiff against Defendants.

18

**6.  The 2013 Stipulation's Forum Selection Clause is Mandatory**

There can be no dispute that the forum selection clause in the 2013 Stipulation of Settlement is mandatory, and both Plaintiff (suing here in its derivative capacity on behalf of Oriska Insurance Company) and Oriska Insurance Company are collaterally estopped from contending otherwise.

A forum selection clause is presumptively enforceable when (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause is mandatory; and (3) the claims and parties are subject to the clause. *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). A party can overcome this presumption only by showing that enforcement would be unreasonable or unjust, or that the clause is invalid. *Id*.

Here, Oriska Insurance Company is a party to the 2013 Stipulation and thus the clause was clearly communicated to it. Similarly, the clause is mandatory because the Stipulation states that Supreme Court, Oneida County, "shall" have jurisdiction over disputes arising under its terms, and thus it is mandatory.   *Reddy v. Carpal Holdings Ltd.*, 2010 WL 1379844, at *5 (S.D.N.Y. Mar. 31, 2010) ("clause that establishes that a court 'shall have jurisdiction' grants that court exclusive jurisdiction"); *Spirits of St. Louis Basketball Club, L.P. v. Denver Nuggets, Inc.*, 84 A.D.3d 454 (1st Dep't 2011) (where forum selection clause provided "the Court shall retain jurisdiction over the parties to enforce the terms of this Agreement and the Judgment," holding that "[b]y utilizing the word "shall," the [Agreement] makes the forum mandatory"); *Micro Balanced Prod. Corp. v. Hlavin Indus. Ltd*., 238 A.D.2d 284, 284, 667 N.Y.S.2d 1, 1 (1st Dep't 1997) (enforcing forum selection clause that provided "The courts of Tel–Aviv shall have jurisdiction over any matter arising from or concerning this Agreement.").

In the Federal Action, which like these actions arose from the Policies, the District Court addressed this very issue and dismissed the action as improperly commenced in the Federal Court. *Oriska Ins. Co. v Avalon Gardens Rehabilitation & Health Care Ctr., LLC*, 6:18-CV-1030, 2019 WL 4195267 (N.D.N.Y. Sept. 4, 2019) ("Upon review, the September 24, 2013 Agreement mandates dismissal of all of Oriska's various claims.").[7]

Not only is the Federal decision well-reasoned, but Oriska Insurance Company and Plaintiff are also collaterally estopped from contesting exclusive venue in Oneida County. The New York Court of Appeals has explained that collateral estoppel is an equitable doctrine, based upon the notion that a party is not permitted to relitigate an issue decided against it. *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 664 (1990); *see Parklane Hosiery Co., Inc. v Shore*, 439 U.S. 322, 326 (1979). "The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984)

In order to invoke this doctrine, two requirements must be satisfied: (1) the party seeking the benefit of it must prove that the identical issue was necessarily decided in the prior action, and (2) the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination. *D'Arata*, 76 N.Y.2d at 664. The burden of proof for this second requirement rests on Plaintiff, the party to be precluded, to show that it did not have a full and fair opportunity. *Ryan*, 62 N.Y.2d at 501; *see also Khandhar v Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991).

---

[7] Oriska's inclusion of the Employer Defendants' officers, directors, and employees does nothing to change this analysis.

In the Federal Action, the District Court explicitly held that Oriska was bound by the forum selection clause in the 2013 Stipulation and therefore required to bring any action arising from the parties' relationship in the Supreme Court, Oneida County and, on that ground, dismissed the case. Accordingly, Oriska Insurance Company is collaterally estopped from now disputing the forum selection clause's import in this action. As explained below, Plaintiff is equally bound by the forum selection clause and collaterally estopped from contesting its import.

7.  **The 2013 Stipulation's Forum Selection Clause Binds Plaintiff**

The forum selection clause binds Plaintiff which, having brought this action derivatively "on behalf of the Carrier-Defendant" Oriska Insurance Company (Complaint at ¶ 4), stands in the shoes of Oriska Insurance Company and is thus bound by the terms of the 2013 Stipulation of Settlement to which Oriska Insurance Company agreed.

The Employer Defendants can interpose any defenses in this action, only nominally brought by Plaintiff, that they could in an action brought by Oriska Insurance Company itself. *See, e.g. In re Salomon Inc. Shareholders' Derivative Litig.*, 91-cv-5500 (RPP), 1994 WL 533595 (S.D.N.Y. Sept. 30, 1994) ("Because shareholder derivative actions are brought to enforce a *corporate* cause of action against officers, directors and third parties, the shareholders, 'standing in the shoes of the corporation' have no rights greater than those of the corporation, nor can those they choose to sue be deprived of defenses they could assert against the corporation's claims.") (citations and quotation marks omitted; emphasis in original); *Potter v Walker*, 276 N.Y. 15, 27 (1937); *Di Tomasso v Loverro*, 250 A.D. 206, 209 (2d Dep't 1937), *affd*, 276 N.Y. 551 (1937) ("Since the corporation could not recover damages, plaintiff, who represents it, may not. The representative's rights are limited by the rights of the corporation. A defense good against it is

21

valid against him."); *see also Durham Commercial Capital Corp. v Wadsworth Golf Constr. Co. of Midwest, Inc.*, 160 A.D.3d 1442, 1444 (4th Dep't 2018).

Further, under New York law a non-signatory is bound by a forum selection clause if it is "closely related" to the signatory so that it becomes "foreseeable" that it will be bound.  *See Freeford Ltd. v. Pendleton*, 53 A.D.3d 32, 39 (1st Dep't 2008). "A non-party is 'closely related' to a dispute if its interests are 'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interests or conduct." *Cuno, Inc. v Hayward Indust. Products, Inc.*, 03 CIV. 3076 (MBM), 2005 WL 1123877, at *6 (S.D.N.Y. May 10, 2005).

Here, Plaintiff brings suit derivatively in the interest and for the benefit of Oriska Insurance Company and, thus, is, at a minimum, "closely related" to, if not indistinguishable from, Oriska Insurance Company, the party to the contract containing the forum selection clause.  *Tate & Lyle Ingredients Americas, Inc. v Whitefox Tech. USA, Inc.*, 98 AD3d 401, 402 (1st Dep't 2012) (parent company held "closely related" to its wholly-owned subsidiary, which was the signatory to an agreement with a forum selection clause); *Montoya v Cousins Chanos Casino, LLC*, 34 Misc 3d 1211(A) (Sup. Ct. 2012) (shareholders and officers of corporation were "closely related" to corporation).  Further, Plaintiff's suit is focused upon Oriska Insurance Company's liability under its contracts with Defendants—a contractual relationship that is governed by the 2013 Stipulation of Settlement.

The court in *Walker, Truesdell, Roth & Assoc., Inc. v Globeop Fin. Services LLC*, 43 Misc. 3d 1230(A) (Sup. Ct. N.Y. Co. 2013), *affd sub nom. New Greenwich Litig. Tr., LLC v Citco Fund Services (Europe) B.V.*, 145 A.D.3d 16 (1st Dep't 2016), addressed a similar situation.  Limited partners David Ferber and Frank Pierce commenced shareholder derivative actions against the Greenwich Sentry Funds ("Funds") arising out of the Bernard Madoff Ponzi scheme.  Among other

defendants, Ferber and Pierce sued PricewaterhouseCoopers ("PwC") on behalf of the Funds. After the Funds declared bankruptcy, the Funds' litigation trustee was substituted for the derivative plaintiffs.

PwC moved to dismiss the claims against it on the basis of forum selection clauses in its contracts with the Funds. The plaintiff responded, as Plaintiff does here, that it was not bound by those forum selection clauses because it was not directly a party to the contracts between PwC and the Funds. The Supreme Court rejected that argument out of hand:

> The court further rejects plaintiff's contention that it is not bound by the forum selection clause in the contract between the Fund and PwC Netherlands because it was a non-signatory. Plaintiff seeks to enforce the contract and stands in the shoes of the Fund for that purpose. It is therefore bound by all of its provisions, including the forum selection clause. (*See e.g. Matter of Refco, Inc. Secs. Litig.*, 2008 WL 2185676, *4–5 [SD N.Y. May 21, 2008] [holding that litigation trustee, as "successor in interest" to debtors, is bound by arbitration clause in engagement letters between debtors and tax services provider]; *Ferber SEP IRA v. GlobeOp Fin. Servs. LLC*, 2009 N.Y. Misc. LEXIS 5158, *3–4 [Sup Ct, N.Y. County, Nov. 9, 2009 [holding that as derivative plaintiff asserted claims on behalf of Fund, it was bound by arbitration clause in contract between Fund and administrator, although it was not a signatory to the contract]; *see generally Freeford Ltd. v. Pendleton*, 53 AD3d 32, 38–39 [1st Dept 2008], lv denied 12 NY3d 702 [2009] [discussing circumstances in which forum selection clauses may be enforced by non parties, as where they are "closely related" to a signatory].)

*Id.* at *7.

On appeal, the litigation trustee raised the same argument once again. The First Department affirmed, however, agreeing with the Supreme Court that "the Trustee is bound by the [forum selection] clause, because it stands in the shoes of the funds." *New Greenwich Litig. Tr., LLC v Citco Fund Services (Europe) B.V.*, 145 A.D.3d 16, 28 (1st Dep't 2016); *see also Harry Casper, Inc. v Pines Associates, L.P.*, 53 A.D.3d 764 (3d Dep't 2008) ("plaintiff's claim that it is not bound

by the clause because it was not a signatory to the option agreement is not persuasive, considering that Pines was a signatory and would be bound by the clause and plaintiff's rights and interests in this litigation are derivative of the rights and interests of Pines").

Similarly, courts in this state have repeatedly held that collateral estoppel applies to the shareholder plaintiffs in a derivative action "because their claims belong to and are brought on behalf of the corporation, rather than on behalf of themselves." *See Levin ex rel. Tyco Intern. Ltd. v. Kozlowski*, 831 N.Y.S.2d 354 (N.Y. Sup. Ct. 2006), *aff'd sub nom. Levin v. Kozlowski*, 846 N.Y.S.2d 37 (1st Dep't 2007) (*citing Auerbach v. Bennett*, 47 N.Y.2d 619, 631 (1979)); *see also L.A. Grika on behalf of McGraw*, 161 A.D.3d 450, 451 (1st Dep't 2018); *see also D'Arata v New York Cent. Mut. Fire Ins. Co*., 76 N.Y.2d 659, 664 (1990).

Plaintiff, which commenced this action derivatively "on behalf of the Carrier-Defendant" Oriska Insurance Company, stands in the shoes of Oriska Insurance Company. Plaintiff is therefore subject to the exact same limitations and defenses that would apply to an action commenced by Oriska Insurance Company itself. It is bound by the forum selection clause in the 2013 Stipulation of Settlement, just as Oriska Insurance Company is bound by the forum selection clause in the 2013 Stipulation of Settlement. It is also collaterally estopped from arguing any point that Oriska Insurance Company is collaterally estopped from arguing—including, as described above—the import and applicability of the forum selection clause.

## 8. The 2013 Stipulation's Forum Selection Clause Applies to the Claims in These Actions

The forum selection clause in the 2013 Stipulation of Settlement applies to "any disputes that arise under the terms of this stipulation." Paragraph 10 of the Stipulation explicitly states that Stipulation of Settlement "resolves all disputes to date ... and will further serve to regulate and govern ... the relationship between the parties" going forward. As the District Court held in *Oriska*

24

*Ins. Co. v Avalon Gardens Rehabilitation & Health Care Ctr., LLC*, 6:18-CV-1030, 2019 WL 4195267, at *7 (N.D.N.Y. Sept. 4, 2019), the forum selection clause therefore covers all "disputes arise out of the parties' ongoing business relationship."

There is no dispute that these 2019 Actions arise out of the parties' ongoing business relationship. Oriska commenced these actions based upon the false premise that Defendants supposedly disclaimed their workers' compensation insurance policies—policies' whose terms are explicitly governed by the 2013 Stipulation—seeking to shift the liability for those policies onto Defendants' shoulders.

Moreover, Plaintiff's complaints in the 2019 Actions once again rehash the exact same cost report arguments that Oriska raised in the Federal Action, and which the federal court held required to be brought in Supreme Court, Oneida County.

In any event, a "forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship." *Anselmo v. Univision Station Group, Inc.*, 1993 WL 17173, at *2 (S.D.N.Y. Jan. 15, 1993); *Triple Z Postal Servs, Inc. v. United Parcel Serv., Inc.*, 13 Misc.3d 1241(A), 2006 N.Y. Slip Op 52202(U) at *8–9, (Sup. Ct. N.Y. Co. 2006) (causes of action for tortious interference and fraudulent misrepresentation that grow out of the parties' contractual relationship are encompassed by the forum selection clause).

Accordingly, Plaintiff is bound by the mandatory forum selection clause in the 2013 Stipulation of Settlement. The only viable forum for the 2019 Actions is in the Supreme Court, Oneida County.

## CONCLUSIONS

For all of the above-mentioned reasons, Defendants respectfully request that the Panel should deny Plaintiff's Application, grant Defendants' Motion to Coordinate and coordinate the instant actions with the 2017 Oneida County Actions pending before Justice Patrick F. MacRae.

Dated: Kew Gardens, New York
       January 7, 2019

<div style="margin-left: 40%">

**LIPSIUS-BENHAIM LAW LLP**
*Attorneys for Defendants Bent Philipson, Deborah Philipson, Kingsbridge Heights Receiver, Garden Care Center, Inc., Park Avenue Operating Co., LLC, Townhouse Operating Co. LLC, Parkview Care & Rehabilitation Center, Troy Operating Co., LLC, Highgate LTC Management, LLC, Niskayuna Operating Co., LLC, Avalon Gardens Rehabilitation & Health Care Center, LLC, North Sea Associates, LLC, NMC Acquisition, LLC, and White Plains for Nursing Care LLC*


By:    _____
       Ira S. Lipsius
       Alexander J. Sperber
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
ilipsius@lipsiuslaw.com
asperber@lipsiuslaw.com

</div>

26